# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

RAYMOND MARTIN,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.

Civil Action No. 17-3129 (MCA)

MEMORANDUM OPINION

This matter has been opened to the Court by Plaintiff's filing of a civil rights complaint and an application to proceed *in forma pauperis* ("IFP") as a non-prisoner. (ECF No. 1.) It appearing that

1. The Court has reviewed the IFP application and finds that Plaintiff meets the requirements for indigency as a non-prisoner. Therefore, the Court will grant the IFP application.

2. Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)

1

3. Plaintiff has sued the Department of Homeland Security, the State of New Jersey, Essex County Jail, Linda Chan, John Tsoukaris, and Charles Green. Plaintiff's handwritten Complaint states that he was "Wrongfully Detain[ed] by ICE for 18 month[s]". The Complaint further alleges "false imprisonment, mail tampering by Charles Green and company."[2] (ECF No. 1, Compl. at 3.) Plaintiff has not stated the federal basis for his lawsuit. (*See id.* at 2.) Because Plaintiff has brought this action in federal court and has sued state and federal entities and their employees, the Court construes Plaintiff to bring his claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[3]

4. Section 1983 applies to state actors and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

---

(citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

[2] Plaintiff has attached to his Complaint documents which show that he is in removal proceedings and that he previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with this Court, which challenged his prolonged immigration detention. (*See* Civ. Act. No. 16-3295.) On October 27, 2016, the Court ordered the government to provide Petitioner with a bond hearing, and Petitioner was subsequently released on bond. (*See* Civ. Act. No. 16-3295, ECF Nos. 11, 12, 15.)

[3] Because Plaintiff has not named the United States as a Defendant, the Court does not construe Plaintiff to raise a tort claim under the Federal Tort Claims Act ("FTCA"). *See CNA v. United States*, 535 F.3d 132, 138 n. 2 (3d Cir.2008) ("The Government is the only proper defendant in a case brought under the FTCA."). Nor does the Court construe Plaintiff to allege any state law tort claims. If Plaintiff seeks to raise claims under the FTCA and/or state law, he must do so by way of an Amended Complaint.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir.1994). It is well-established, however, that the state, state entities, and state officials sued in their official capacities for damages are not "persons" subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 70–71 and n. 10 (1989). Furthermore, although a county may be liable under § 1983, a county jail is not a proper defendant under § 1983.[4] *See Barrett v. Essex Cty. Corr. Facility*, No. CIV.A. 15-595 SDW, 2015 WL 1808523, at *3 (D.N.J. Apr. 16, 2015)("A county jail, such as the Essex County facility, is not a person subject to suit under § 1983."); *Ingram v. Atl. Cnty. Justice Fac.*, Civ. No. 10–1375, 2011 WL 65915, *3 (D.N.J. Jan. 7, 2011) (citations omitted) (county jail is not a person under section 1983). As such, the Court will dismiss the claims against the State of New Jersey and the Essex County Jail <u>with prejudice</u>. To the extent Plaintiff has sued any state employees for damages in their official capacities, those claims are likewise dismissed with prejudice.

5. Claims against federal defendants are governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. To state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured

---

[4] Even if this Court were to consider the defendant to be Essex County, a local government entity which may be sued under § 1983, the claim would fail. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Ingram*, 2011 WL 65915, at *3 (citing *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694 (1978).

3

by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *Gonzalez-Cifuentes v. U.S. Dep't of Homeland Sec.*, No. CIV. 04-4855 (WHW), 2005 WL 1106562, at *5 (D.N.J. May 3, 2005). The United States has sovereign immunity except where it consents to be sued. *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "In the absence of such a waiver of immunity, plaintiff cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, *see FDIC v. Meyer*, 510 U.S. 471 (1994), or against any of the individual defendants in their official capacities[.]" *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Because there is nothing to suggest that the United States has waived its sovereign immunity with respect to the sort of claim for damages that plaintiff seeks to assert against DHS, Plaintiff's *Bivens'* claim against DHS is dismissed with prejudice. To the extent, Plaintiff has sued any federal employees for damages in their official capacities, those claims are likewise dismissed with prejudice.

6. The remaining claims are subject to dismissal pursuant to 28 U.S.C. 1915(e)(2)(B) for failure to state a claim for relief. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Courts, however, are required to liberally construe pleadings drafted by *pro se* parties. *See Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, pro se litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704

4

F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Liberal construction also does not require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.") That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

7. Plaintiff names Linda Chan, John Tsoukaris, and Charles Green as Defendants; however, he provides no factual allegations against these three defendants. Government officials may not be held vicariously liable for the actions of their subordinates under a *respondeat superior* theory of liability in a § 1983 action. *Iqbal*, 556 U.S. at 675–76. Municipalities and other municipal defendants likewise cannot be held vicariously liable under § 1983. *Id.* at 676; see also *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Because § 1983 and *Bivens'* claims do not permit recovery for vicarious liability, Plaintiff must "plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

8. Federal Rule of Civil Procedure 8(a)(2) likewise requires that plaintiffs set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." While this standard

does not require detailed factual allegations, it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. At the very least, the complaint must "give the defendants fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal citation omitted). Here, Plaintiff has stated only that he was "falsely imprisoned" and experienced "mail tampering[.]" Although he has attached a number of documents, which show, among other things, that this Court ordered a bond hearing that resulted in his release from immigration detention, he has not complied with Rule 8 by providing a short plain statement showing his is entitled to relief on his false imprisonment and/or mail tampering claims. For these reasons, the Court will dismiss Plaintiff's remaining claims without prejudice to his filing of an Amended Complaint within 30 days. An appropriate Order follows.

_____
Madeline Cox Arleo, District Judge
United States District Court