UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Civil Action No. 17-3129 (MCA)<br><br>MEMORANDUM OPINION AND ORDER |

This matter has been opened to the Court by Plaintiff's filing of an Amended Complaint. It appearing that:

Petitioner previously submitted a civil rights complaint and an application to proceed *in forma pauperis* ("IFP") as a non-prisoner. (ECF No. 1.) The Court granted the IFP application, screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and construed Plaintiff to bring his claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Court then dismissed the Complaint in its entirety under § 1915(e)(2)(B) and provided Plaintiff with leave to submit an amended complaint. Plaintiff subsequently submitted an Amended Complaint. (ECF No. 4.)

Federal law requires this Court to screen Plaintiff's Amended Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a

1

At this time, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. 1915(e)(2)(B) for failure to state a claim for relief. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Courts, however, are required to liberally construe pleadings drafted by *pro se* parties. *See Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, pro se litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Liberal construction also does not require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal

---

claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

conclusions can provide the framework of a complaint, they must be supported by factual allegations.") That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

In his Amended Complaint, Plaintiff has named Linda Chan, John Tsoukaris, and Charles Green as Defendants and provides the following "Facts to Support Cause of Action":

> 4. Plaintiff was unlawfully detained and deprived of his constitutional rights by Defendants
>
> 5. Plaintiff spent over 18 months in custody of Immigration and Customs Enforcement [("ICE").]
>
> 6. Plaintiff was detained without bond while in custody of ICE.
>
> 7. Plaintiff's Fourth Amendment rights were violated by Defendants.

(ECF No. 4, Am. Complaint at ¶¶ 4-7.) Here, Plaintiff alleges without elaboration that he "was unlawfully detained and deprived of his constitutional rights by Defendants"; that he was detained for 18 months in ICE custody; that he was detained without bond while in ICE custody; and that his "Fourth Amendment rights were violated by Defendants."

Federal Rule of Civil Procedure 8(a)(2) requires that plaintiffs set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." While this standard does not require detailed factual allegations, it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. At the very least, the complaint must "give the defendants fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal citation omitted). In addition, a plaintiff bringing a § 1983 or *Bivens* claim "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

3

Here, Plaintiff's allegations do not give Defendants fair notice of the claims against them or explain how each of the Defendants violated Plaintiff's civil rights. In particular, Plaintiff has not provided enough facts for the Court to determine *how* the Defendants violated Plaintiff's Fourth Amendment rights or otherwise violated his constitutional rights. By its plain terms, the Fourth Amendment forbids unreasonable searches and seizures, *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017); violations of the Fourth Amendment include arrest without probable cause, false imprisonment, excessive force, and other claims involving searches or seizures of persons or property.[2] Plaintiff, however, does not provide enough facts for the Court to assess whether he was unlawfully detained under the Fourth Amendment or whether his detention without bond for eighteen months violated the Fourth Amendment or other constitutional right. In order for the Court to determine whether Plaintiff states a claim for relief, he must provide <u>enough facts</u> so that the Court may assess whether each of the Defendants violated Plaintiff's Fourth Amendment rights (or other constitutional rights) in connection with his detention. For these reasons, the Court will dismiss the Amended Complaint in its entirety for failure to state a claim for relief pursuant to § 1915(e)(2)(B) as to all Defendants. The Court will administratively terminate this action and provide Plaintiff with a final opportunity to submit a second amended complaint that cures the deficiencies in his claims.

IT IS, therefore, on this ___9th___ day of ___November___ 2018,

**ORDERED** that the Clerk of the Court shall mark this matter as OPEN; and it is further

---

[2] Because Plaintiff fails to provide enough facts for the Court to assess his claims, the Court need not reach the question of whether a *Biven's* remedy is available under *Ziglar*.

4

**ORDERED** that Plaintiff's Amended Complaint is dismissed WITHOUT PREJUDICE as to all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for which relief may be granted; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this action at this time; and it is further

**ORDERED** that Plaintiff may submit a second amended complaint that cures the deficiencies in his claims within 30 days of the date of this Memorandum and Order;[3] and it is further

**ORDERED** that if Plaintiff submits a second amended complaint within 30 days of the date of this Memorandum and Order, the Court will reopen this matter to screen the second amended complaint; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file.

NOV. 9-18

Madeline Cox Arleo, District Judge
United States District Court

---

[3] If Plaintiff does not wish to submit a second amended complaint, no further action is required. If Plaintiff does not submit a second amended complaint within 30 days, this dismissal will automatically convert to a dismissal with prejudice.

5